Lucas Buckley, WSB #6-3997
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY  82003-1208
307.634.7723 (telephone)
307.634.0985 (facsimile)
lbuckley@hkwyolaw.com

John L. Cordani (pro hac vice forthcoming)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Direct 860.275.8287 | Fax 860.275.8299
jcordani@rc.com

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ACTION DATA SYSTEMS, LLC d/b/a ACTION TOUR GUIDE,<br><br>Plaintiff,<br><br>vs.<br><br>TRIPPY TOUR GUIDE LLC, ECLECTIC DIGITAL LLC and TANMAI RELWANI,<br><br>Defendants. | Case No. 1:23-cv-222 |

**COMPLAINT**

Plaintiff Action Data Systems, LLC d/b/a Action Tour Guide ("Action Tour Guide" or "Plaintiff") by and for its Complaint against Defendants Trippy Tour Guide LLC ("Trippy Tour Guide"), Eclectic Digital LLC ("Eclectic Digital") and Tanmai Relwani ("Relwani") (collectively, the "Defendants"), hereby alleges as follows:

## NATURE OF THE CASE

1.  This is an action for, *inter alia*, false advertising under the Lanham Act, trade secret misappropriation under the Defend Trade Secret Act and Wyoming Uniform Trade Secrets Act, and copyright infringement under the Copyright Act.  Defendants have (i) created a copycat suite of tour guide products for the mobile application industry that infringes upon Plaintiff's copyrighted works; (ii) improperly disclosed and used Plaintiff's trade secrets to target Plaintiff's customer base using confidential information and unfairly compete with Plaintiff; and (iii) falsely passed off others' positive customer reviews as their own, in order to deceive the consuming public that they are an established business whose customers have positively reviewed their products.

2.  Despite notice from Plaintiff, Defendants have willfully continued their unlawful behavior.  Defendants' actions have caused Plaintiff irreparable damages.  Accordingly, Plaintiff seeks preliminary and permanent injunctive relief, as well as compensatory and exemplary damages, interest, attorneys' fees, and costs.

## PARTIES

3.  Plaintiff Action Tour Guide is a limited liability company organized under the laws of the State of Rhode Island and has its principal place of business at 32 Mallard Cove, Barrington, Rhode Island.  Plaintiff does business under the name "Action Tour Guide".

4.  Defendant Trippy Tour Guide is a limited liability company organized under the laws of the State of Wyoming and has its principal place of business at 30 N Gould Street, Suite R, Sheridan, Wyoming.

5.  Defendant Eclectic Digital is a limited liability company organized under the laws of the State of Wyoming and has its principal place of business at 1309 Coffeen Avenue, Suite 1200, Sheridan, Wyoming.

6.     Defendant Tanmai Relwani is an individual who, upon information and belief, resides in Flat No. 303, Woodland, Wing-A, Lokhandwala Complex, NR Ashok Academic School, Andheri West, Mumbai City, Maharashtra -53.

7.     Upon information and belief, Defendant Relwani is the sole or controlling member of Defendants Eclectic Digital and Trippy Tour Guide.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action under 35 U.S.C. §§ 1331 & 1338(a) because the Complaint asserts claims for false advertising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1831 *et seq.*, and copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 501 *et seq.*

9.     The Court has declaratory and supplemental jurisdiction under 28 U.S.C. § 2201, 28 U.S.C. § 1367(a), and the Court's inherent authority to control the conduct of cases before it, over Plaintiff's state law claims because they are related to Plaintiff's federal claims and form part of the same case or controversy.

10.     The Court has general personal jurisdiction over Defendants Eclectic Digital and Trippy Tours because both reside in the State of Wyoming. In addition, upon information and belief, Defendants Eclectic Digital and Trippy Tour Guide have committed the violative acts complained of in this District and have a regular and established place of business in this District.

11.     The Court has personal jurisdiction over Defendant Tanmai Relwani because he is, upon information and belief, a member of both Defendant Eclectic Digital and Defendant Trippy Tour Guide, has had continuous and systematic contacts with and transacts business within the

State of Wyoming, and the claims asserted herein arise out of or relate to his contacts within the State of Wyoming.

12. Upon information and belief, venue is proper in this District with respect to all Defendants under 28 U.S.C. §§ 1391(b) and (c), and 1400(a).

## FACTUAL BACKGROUND

<u>After Defendants' Engagement with Plaintiff, Defendants Secretly Develop a Copycat Product</u>

13. Plaintiff Action Tour Guide is a family-owned company based in Rhode Island that owns and sells a suite of tour guide products for the mobile product industry.

14. Plaintiff's products include a mobile phone application called "Action Tour Guide" through which customers can purchase and download self-guided, professionally narrated walking and driving tours for a host of attractions located in the United States and abroad.

15. Customers can also search for and purchase tours on Plaintiff's website, actiontourguide.com and through a variety of online travel agents ("OTAs").

16. In or about 2021, Plaintiff retained Defendant Eclectic Digital to provide marketing and website development and optimization services to Plaintiff relating to Plaintiff's operations through its mobile application, website and OTAs. Plaintiff's primary contact at Eclectic Digital was its founder, Defendant Tanmai Relwani.

17. Between 2021 and 2023, Eclectic Digital provided a variety of services to Plaintiff, including, but not limited to, the development and upkeep of Plaintiff's website, actiontourguide.com, website search engine optimization, Google and Apple advertisement management, and social media management and content creation.

18. As necessary for Eclectic Digital to perform its services, Eclectic Digital gained access to Plaintiff's confidential and proprietary information, including, but not limited to, the

specific content and content strategy, strategy related to stops and routes of Plaintiff's tours, advertising, keyword, and marketing strategies, advertising return on investment information and strategy, OTA selection and strategy, and data concerning Plaintiff's target audience and customers, tour pricing, sales, revenues, and profitability.

19. Defendants Eclectic Digital and Relwani both had a duty to maintain the secrecy of the information it received and/or generated in the course of its performance of services for Plaintiff and were both aware of that duty.

20. Unknown to Plaintiff, and under the guise of an otherwise positive and professional business relationship, Defendants had begun to develop a copycat self-guided tour application called Trippy Tour Guide, as well as a web-based version at trippytourguide.com and OTA versions. In doing so, Defendants have misappropriated Plaintiff's trade secrets, copied Plaintiff's copyrighted works and falsely advertised that customers have left positive reviews for Defendants and their product, including reviews it plagiarized from reviews left for others' products.

21. Defendants' plagiarism is evident even from its product's "About Us" page, wherein Defendants copy the origin story and inspiration for Plaintiff's Action Tour Guide.

22. On Action Tour Guide's "About Us", one of Plaintiff's founders recounts traveling with her father to Peru, beholding the wonder of Machu Picchu and becoming frustrated with the monotone monologue of the five-star local guide they had hired. Defendants' "About Us" page recounts a substantially similar, watered-down version of Plaintiff's story, stating that Trippy Tour Guide was "[f]ounded by a group of passionate travelers who were frustrated with traditional guided tours."

**Trade Secret Misappropriation**

23. Upon information and belief, Trippy Tour Guide has used Plaintiff's proprietary trade secrets to unfairly compete with Plaintiff.

24. Defendants gained access to data concerning the relative demand for, and sales and profitability of, Plaintiff's products in connection with the marketing services provided by Eclectic Digital to Plaintiff.

25. Defendants also gained access to data concerning Plaintiff's marketing strategies, including tour pricing and discount arrangements as well as advertisement, keyword, and promotion strategies to reach Plaintiff's target audience, including through specific OTAs and mobile application stores.

26. This information constitutes trade secrets that Defendants have misappropriated to unfairly compete with Plaintiff.

27. Solely by way of illustration, Trippy Tour Guide chose five of its tours—self-guided tours of Joshua Tree, the Boston Freedom Trial, the Gettysburg Battlefield, Chichen Itza, and the 17 Mile Drive—based on using confidential, proprietary and trade secret information that Eclectic Digital and Relwani learned from Plaintiff.

28. Equipped with this confidential information concerning Plaintiff's business, Defendants fast-tracked their offering of these three tours, for which it undercuts Plaintiff's price. For example, Plaintiff offers the Joshua Tree tour for $14.99 per car, while Defendants offer that tour for $9.99 per car; and Plaintiff offers the Boston Freedom Trail tour for $9.99 per person, while Defendant offers that tour for $6.99 per person.

## Copyright Infringement

29. Defendants' copycat products infringe upon Plaintiff's copyrights.

30.     Plaintiff owns a copyright in the narrative contents of Plaintiff's tours as well as the creative selection, ordering and combination of various historical or cultural stories and sites in the tours.

31.     Each of Plaintiff's tours features a creative selection, ordering and combination of various historical or cultural stories and sites of interest, as well as a narration that is a creative literary text.

32.     Plaintiff has registered copyrights for the pertinent tours which it acquired from the original author, including the Freedom Trail tour (Registration Number SR 935-053, effective June 27, 2022), the Gettysburg Battle Auto Tour (Registration Number SR 925-485, effective December 17, 2021), the Joshua Tree National Park Self-Guided Driving Tour (Registration Number SR 958-816, effective March 31, 2023), the 17 Mile Drive Driving Tour Guide (Registration Number SR 968-787, effective July 20, 2022), and the Chichen Itza Walking Tour Guide (Registration Number SR 940-452, effective July 20, 2022).

33.     Defendants' tour products, including at least Defendants' "Gettysburg Battlefield Self-Guided Driving Tour" and "Boston Freedom Trail Self-Guided Walking Tour", feature a substantially similar selection, ordering and combination of various, non-obvious stories and sites that are featured in Plaintiff's products.

34.     Upon information and belief, Defendants also copied the exact content of the narrative of Plaintiff's tours, which Defendants then modified in an attempt to mask their plagiarism and what they knew to be infringement.

35.     For example, Plaintiff's Freedom Trail tour features a selection of unique, nonobvious "stops" of interest that are dispersed among the more common and obvious designated

historical sites along the tour. These interlude stories give the tour its unique quality and flow, introducing the user to lesser-known historical facts.

36. Defendants' Freedom Trail tour features a substantially similar selection, ordering and content for these interlude stops and stories, which are dispersed in nearly identical junctures along the tour.

37. More specifically, and solely by way of illustration, Defendants' Freedom Trial tour infringes on Plaintiff's copyright-protected Freedom Trial tour in the following ways:

    a. Like Plaintiff's tour, Defendants' tour features a substantially similar interlude stop in between two designated sites (the Robert Gould Shaw and the 54th Regiment Memorial and the Park Street Church) that contains a discussion about British debts and taxes imposed on the American colonies. This choice of interlude topic is a unique and nonobvious choice, because neither the location of the stop nor the adjacent designated sites implicate a discussion about taxation.

    b. Like Plaintiff's tour, Defendants' tour contains a substantially similar discussion of the Park Street Church, including the same selection of its history in the abolitionist movement and the first recitation of "My Country Tis of Thee".

    c. Like Plaintiff's tour, Defendants' tour features the same selection and ordering of historically relevant gravesites in the Granary Bury Ground, highlighting the graves of Samuel Adams, Paul Revere, John Hancock and James Otis and ignoring other graves of equally prominent individuals—

        identical to Plaintiff's tour—and providing a substantially similar story for each.

    d.    Like Plaintiff's tour, Defendants' tour narrates substantially similar stories about Benjamin Franklin and the Democracy Donkey at the Boston Latin School.

    e.    Like Plaintiff's tour, Defendants' tour features a substantially similar interlude stop in between two designated sites (the Old South Meeting House and the Old State House) that contains a similar discussion about the Intolerable Acts, which refers to series of punitive laws imposed by the British government on the colonies following the Boston Tea Party. This choice of interlude topic is a unique and nonobvious choice, because neither the location of the stop nor the adjacent designated sites implicate the Intolerable Acts.

38.    Defendants' plagiarism of Plaintiff's tours in the above-illustrated manner infringes on Plaintiff's copyrights.

**<u>False Advertising</u>**

39.    Defendants also unfairly compete with Plaintiff by copying customer reviews left on Plaintiff's and/or others' (such as a tour company known as "Shaka") applications as well as online traveling agencies, such as TripAdvisor, and passing those reviews off as reviews for Trippy Tour Guide tours.

40.    Defendants advertise these customer reviews in order to attract more customers. The "Reviews" section of Defendants' application states "[p]eople love us! Join the cool kids club and get in on the fun" and touts a rating of 4.9 out of 5 stars.

41. Customers who purchase products like those offered by Plaintiff and Defendants strongly rely on prior customer reviews in making their decisions about which products to purchase and from whom to purchase them.

42. Customers rely on both the existence and contents of customer reviews. Customers rely on the authenticity of customer reviews, which provide prospective customers with reassurance that the business from whom they are purchasing products is genuine and established.

43. Customers also rely on the content of customer reviews, and how positively or negatively prior customers have reviewed the product and the company.

44. Plaintiff has identified numerous reviews that Defendant has copied—nearly word for word or with superficial modifications—from reviews that Action Tour Guide customers left on Action Tour Guide tours.

45. For example, the below undated, purported customer review appears on the Gettysburg Battle tour sold by Trippy Tour Guide:



46.     Yet the content of this purported review is identical to a review left on August 12, 2022 on Plaintiff's Gettysburg tour on the Apple App Store by user "Singular Horizon":

**Beyond worth it!** ★★★★★                                                                                                    Edit Response
by SingularHorizon – Aug 12, 2022

This worked perfectly. Lots of insight and great information and the app was incredibly easy to use. Functioned perfectly. This was invaluable and made our trip so enjoyable.

↰ **Developer Response** - Aug 26, 2022
Thank you so much for the great review! Really glad that you enjoyed the tour and all of its features! Gettysburg is really a fantastic experience and glad that we could be a part of yours.

47. For other reviews, Defendants appear to have copied reviews left for Action Guide Tour and/or others and made slight changes to wording and syntax. For example, Defendants feature this undated, purported review of Trippy Tour Guide:



48. It is clear that Defendants copied this review from an actual review left by Plaintiff's customer on TripAdvisor on August 1, 2023:

Jennie P
Saint Petersburg, Florida, United States • 7 contributions

0

**Great self guided tour**

This guided tour was perfect. It provided so much information and used gps to guide us through the winding roads of the battlefield. One area of the park was closed and the tour acknowledged this but still provided us info. We had a bonus area the tour provided outside of the standard park tour. It's always nice to get something extra. Overall I would definitely recommend this self guided tour

Written 1 August 2023

This review is the subjective opinion of a Tripadvisor member and not of Tripadvisor LLC. Tripadvisor performs checks on reviews as part of our industry-leading trust & safety standards. Read our transparency report to learn more.

49. Defendants copying of Plaintiff's customer reviews and misrepresentation to the public as reviews left on Defendants' products constitute false advertising.

50. After discovering Defendants' infringement and violations, Plaintiff contacted Defendant Relwani and representatives of Plaintiff had several telephone calls, during which the Defendants were provided notice of their unlawful actions. Defendants have rejected and ignored Plaintiff's demand that the Trippy Tour Guide website and application be taken down.

51. Following Plaintiff's last communication with Defendants on November 7, 2023, the Trippy Tour Guide website, OTA interfaces, and application, including the infringing tours and false customer reviews, continue to be available to the public.

**FIRST CAUSE OF ACTION**
**False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act**

52. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

53. Defendants' actions are designed to mislead the public into believing that Trippy Tour Guide is an established business whose products have received positive reviews from actual

customers, and specifically, that the reviews it copied from Plaintiff and/or others were actually left for Defendants' products.

54. Each false review, including those that Defendants have copied from Plaintiff and/or others to promote their own product, misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' products and/or services.

55. Defendants' false and misleading claims, individually and collectively, are material to customers' purchasing decisions.

56. Defendants have benefitted, and continue to benefit, unfairly from the false and misleading advertising.

57. Defendants knew or should have known that their claims were (and are) false and misleading and thus has acted knowingly, willfully, maliciously, wantonly, fraudulently, in reckless regard of the truth, and in bad faith.

58. Defendants' actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that violate Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

59. Defendants' false and misleading claims have damaged and irreparably harmed Plaintiff, and if permitted to continue, will further damage and irreparably injure Plaintiff and the public, who each has an interest in being free from deception.

## SECOND CAUSE OF ACTION
### Violation of Defend Trade Secrets Act

60. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

61. Plaintiff owns and possesses certain confidential, proprietary and trade secret information, including but not limited to, information concerning its marketing strategies and sales data, which constitute trade secrets under 18 U.S.C. § 1839(3).

62. This confidential, proprietary and trade secret information relates to Plaintiff's products sold in interstate and foreign commerce.

63. Plaintiff has taken reasonable measures to keep such information secret and confidential.

64. Plaintiff has invested significant time, effort, resources, and funds developing this information, which derives independent economic value from not being generally known to and not being readily accessible through proper means by any other person who could obtain economic value from the disclosure or use of that information.

65. Defendants Eclectic Digital and Relwani acquired access to Plaintiff's trade secret information in the course and within the scope of the services they performed for Plaintiff.

66. Defendants Eclectic Digital and Relwani improperly disclosed and/or used Plaintiff's trade secrets for the benefit of themselves and/or Defendant Trippy Tour Guide, having known or had reason to know that their use of the trade secrets was limited to the scope of their engagement with Plaintiff and for the benefit of Plaintiff.

67. Defendants Relwani and Trippy Tour Guide have acquired and used Plaintiff's trade secrets through improper means and have disclosed and used those trade secrets knowing that they were acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret and limit the use of the trade secret.

68. Defendants' misappropriation of Plaintiff's trade secrets was intentional, knowing, willful, malicious, fraudulent and oppressive.

69. If Defendants' conduct is not remedied and if Defendants are not enjoined, Defendants will continue to misappropriate, disclose and use Plaintiff's trade secrets for their own benefit and/or to Plaintiff's detriment.

70. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and if Defendants are not enjoined from continuing their misappropriation, will continue to suffer, irreparable injury and significant damages in amounts to be proven at trial.

71. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks in addition to damages temporary, preliminary, and permanent injunctive relief to recover, protect and prevent the unauthorized use and disclosure of, its confidential, proprietary, and trade secret information.

72. Plaintiff has been damaged by the foregoing and is entitled to damages in an amount to be determined at trial, as well as an award of exemplary damages and attorneys' fees under 18 U.S.C. § 1836(b)(3).

## THIRD CAUSE OF ACTION
### Violation of Wyoming Uniform Trade Secrets Act

73. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

74. As set forth in paragraphs 60 to 72 above, Defendants have misappropriated Plaintiff's trade secrets in violation of Wyo. Stat. Ann. § 40-24-101, *et seq.*

## FOURTH CAUSE OF ACTION
### Copyright Infringement

75. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

76. Plaintiff owns all right, title, and interest in and to United States Copyright Certificates of Registration for the following works entitled Freedom Trail tour (Registration

Number SR 935-053, effective June 27, 2022), the Gettysburg Battle Auto Tour (Registration Number SR 925-485, effective December 17, 2021), the Joshua Tree National Park Self-Guided Driving Tour (Registration Number SR 958-816, effective March 31, 2023), the 17 Mile Drive Driving Tour Guide (Registration Number SR 968-787, effective July 20, 2022), and the Chichen Itza Walking Tour Guide (Registration Number SR 940-452, effective July 20, 2022).

77. Plaintiff has complied in all respects with the provisions of the Copyright Law and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

78. Defendants directly infringed on Plaintiff's exclusive right in its copyrighted works, including at least through Defendants' "Gettysburg Battlefield Self-Guided Driving Tour" and "Boston Freedom Trail Self-Guided Walking Tour".

79. Defendants copied, used, distributed, publicly performed, and made derivate works of the Plaintiff's copyrighted work.

80. Defendants knew that their actions constituted an infringement of Plaintiff's exclusive rights and was therefore willful.

81. Defendants' past and ongoing copying, use, distribution, and creation of derivative works that infringe upon Plaintiff copyrights has caused damages to Plaintiff.

82. Unless Defendants are restrained and enjoined from their unauthorized use and distribution of the Plaintiff's work, these injuries to Plaintiff will continue occur.

83. In accordance with 17 U.S.C. § 502(a), Plaintiff is entitled to an injunction restraining Defendants, and their employees and agents, and all other persons acting in concert with Defendants, from engaging in any further improper acts.

84. Under 17 U.S.C. §§ 503(a) and 503(b), Plaintiff is entitled to an order impounding the infringing items and the means by which such infringing items were produced and reproduced.

85. Under 17 U.S.C. § 504, Plaintiff is also entitled to recover actual damages and any profits of the Defendants.

86. Under 17 U.S.C. § 505, Plaintiff is entitled to an award of attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### Unjust Enrichment

87. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

88. Defendants have knowingly obtained valuable materials and information derived from the Plaintiff's copyrighted work and Plaintiff's trade secrets to which they are not entitled.

89. Under the circumstances, Defendants retained, used and enjoyed those benefits following their relationship with Plaintiff.

90. Defendants' use and enjoyment of these copyrighted works and trade secrets was accomplished under circumstances which should reasonably have notified Defendants that Plaintiff would expect to be paid for Defendants' use.

91. Under the circumstances, it would be unlawful and inequitable for Defendants to retain value derived from the Plaintiff's copyrighted work and trade secrets.

92. Defendants' unlawful conduct has caused Plaintiff to suffer damages, irreparable harm, and general, special, and consequential damages in an amount to be proved at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment as follows:

a) On the First Cause of Action, declaring that Defendants have violated Section 43 of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, awarding Plaintiff damages in an

amount to be determined at trial, and permanently enjoining Defendants, and any entities or persons acting in concert with Defendants, from engaging in further acts of false advertising, deceptive acts and unfair competition in violation of the Lanham Act;

b) On the Second Cause of Action, declaring that Defendants misappropriated Plaintiff's trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. §1831 *et seq.*, awarding Plaintiff damages in an amount to be determined at trial, and permanently enjoining Defendants, and any entities or persons acting in concert with Defendants, from engaging in further acts of misappropriation;

c) On the Third Cause of Action, declaring that Defendants misappropriated Plaintiff's trade secrets in violation of the Wyoming Uniform Trade Secrets Act, Wyo. Stat. Ann. § 40-24-101, *et seq.*, awarding Plaintiff damages in an amount to be determined at trial, and permanently enjoining Defendants, and any entities or persons acting in concert with Defendants, from engaging in further acts of misappropriation;

d) On the Fourth Cause of Action, declaring that Defendants infringed upon Plaintiff's copyrights under the Copyright Act, 17 U.S.C. § 501 *et seq.*, awarding Plaintiff damages in an amount to be determined at trial, and permanently enjoining Defendants, and any entities or persons acting in concert with Defendants, from engaging in further copyright infringement;

e) On the Fifth Cause of Action, declaring that Defendants have been unjustly enriched at Plaintiff's expense, awarding Plaintiff compensatory damages in an amount to be determined at trial, and permanently enjoining Defendants, and any

entities or persons acting in concert with Defendants, from engaging in further unlawful actions;

f) Awarding Plaintiff punitive or exemplary damages;

g) Awarding Plaintiff statutory damages;

h) Awarding Plaintiff disgorgement of Defendants' profits;

i) Awarding Plaintiff reasonable royalties;

j) Awarding Plaintiff its costs, disbursements, and reasonable attorneys' fees; and

k) Granting Plaintiff such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

**DATED** this 22nd day of November, 2023.

ACTION DATA SYSTEMS, LLC D/B/A ACTION TOUR GUIDE, PLAINTIFF

By: */s/ Lucas Buckley*
Lucas Buckley, #6-3997
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
(307) 634-0985 (fax)
lbuckley@hkwyolaw.com

John L. Cordani (pro hac vice forthcoming)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Direct 860.275.8287 | Fax 860.275.8299
jcordani@rc.com

ATTORNEYS FOR ACTION DATA SYSTEMS, LLC D/B/A ACTION TOUR GUIDE